FILED'10 MAY 25 16:39USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

ROBERT DAVIDSON-SCHADER,                                       CV. 10-256-MO

        Petitioner,                                      ORDER TO DISMISS

   v.

MAX WILLIAMS and J.E. THOMAS,

        Respondents.

MOSMAN, District Judge.

    Petitioner is currently incarcerated at FCI-Sheridan serving a 262-month federal sentence for Conspiracy to Manufacture Methamphetamine. On March 10, 2010, petitioner filed this federal habeas corpus action pursuant to 28 U.S.C. § 2241 seeking credit for time served on his Oregon state sentences.

    Respondent Thomas, the Warden at FCI-Sheridan, asks the court to dismiss him from this action on the basis that this case does not involve the federal Bureau of Prisons' calculation of petitioner's sentence, and instead pertains only to future

1 - ORDER TO DISMISS

sentences to be served in Oregon's state prisons. Petitioner's Response to the Motion to Dismiss makes it clear that he has no objection to the removal of Respondent Thomas from this action. Accordingly, the Motion to Dismiss is granted.

Because it is now clear that petitioner seeks only to challenge sentences arising from state court judgments, the court construes the Petition for Writ of Habeas Corpus to be filed pursuant to 28 U.S.C. § 2254. This is not, however, the first time petitioner has filed a § 2254 habeas action challenging the legality of his state sentences.

In 2004, petitioner filed a habeas action (04-407-JE) pursuant to 28 U.S.C. § 2241 which the district court converted to a 28 U.S.C. § 2254 action and ultimately dismissed on its merits. On May 13, 2006, the Ninth Circuit Court of Appeals denied petitioner's request for a certificate of appealability.

On May 8, 2009, petitioner again filed a § 2254 habeas action (09-517-AA) in this District challenging his state sentences, but the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") generally prohibits the filing of "second or successive" habeas corpus petitions. 28 U.S.C. § 2244(b). A habeas corpus petition is considered "second or successive" if a district court adjudicated the first petition on the merits. *Hill v. State of Alaska*, 297 F.3d 895, 899 (9th Cir. 2002). Because the

2 - ORDER TO DISMISS

adjudication of CV. 04-407-JE was on its merits, Judge Aiken dismissed CV. 09-517-AA as successive without circuit permission.

Petitioner has now filed a third § 2254 habeas corpus action, but as in CV. 09-517-AA, he fails to provide any proof that the Ninth Circuit Court of Appeals has authorized him to file a successive habeas corpus action. As a result, the court dismisses the Petition on the basis that it is successive without circuit permission. *See* Rule 4, Rules Governing Section 2254 Cases (permitting summary dismissal).

## CONCLUSION

Respondent Thomas' Motion to Dismiss (#9) is GRANTED. Accordingly, respondent' Thomas is dismissed from this case.

The Petition for Writ of Habeas Corpus (#1) is DISMISSED because it is successive without circuit permission.

IT IS SO ORDERED.

DATED this 25th day of May, 2010.

_____
Michael W. Mosman
United States District Judge

3 - ORDER TO DISMISS